

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ENTERTAINMENT MERCHANDISING TECHNOLOGY, L.L.C., ET AL., | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:09-CV-187-A |
| ROBERT E. HOUCHIN, | § § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

Came on for consideration the motion of defendant, Robert E. Houchin, for summary judgment as to all claims and causes of action brought by plaintiffs, Entertainment Merchandising Technology, L.L.C. ("EMT"), Mark Olmstead ("Olmstead"), Johnny R. Weaver ("Weaver"), Earl D. Morris ("Morris"), and Michael J. Dietz ("Dietz") (Olmstead, Weaver, Morris, and Dietz collectively the "Individual Plaintiffs"). Having considered the motion and all related filings by the parties, the summary judgment record, and applicable legal authorities, the court concludes that the motion should be granted in part and denied in part.[1]

---

[1]The parties have filed various motions objecting to, or to strike, summary judgment evidence. Rather than rule on the motions, the court will give the disputed evidence whatever weight it deserves.

I.

## Plaintiffs' Claims

This case is before the court as a declaratory judgment action pursuant to 28 U.S.C. §§ 2201-2202, wherein the Individual Plaintiffs seek a declaration that they are co-inventors and co-owners of the invention the subject of United States Patent No. 7,316,614 B2 ("'614 Patent"). Plaintiffs also assert state law causes of action for breach of contract, breach of fiduciary duty, fraud, and conversion. Plaintiffs seek exemplary damages, attorney's fees, and forfeiture by defendant of all right, title, and interest in the patented invention, and in whatever interest defendant may have in EMT.

II.

## The Motion for Summary Judgment

Defendant contends that summary judgment is proper on the following grounds: (1) summary judgment evidence negates the elements of a claim for breach of contract, or there is legally insufficient evidence of those elements, the breach of contract claim is barred by limitations, and is barred by the statute of frauds; (2) summary judgment evidence negates the existence, or there is legally insufficient evidence, of a confidential or fiduciary duty, plaintiffs' damages for any alleged breach are

not recoverable as a matter of law, and the breach of fiduciary duty claim is barred by limitations; (3) summary judgment evidence establishes that defendant had no duty to disclose so as to establish a claim of fraud, plaintiffs did not rely to their detriment on any alleged misrepresentations or non-disclosures or there is legally insufficient evidence of detrimental reliance, and the fraud claim is barred by limitations and the statute of frauds; (4) summary judgment evidence negates the elements of conversion or there is legally insufficient evidence of those elements, and the conversion claim is barred by limitations; (5) plaintiffs cannot recover damages on their tort claims as a matter of law; and (6) summary judgment is proper on plaintiffs' declaratory judgment claim for co-ownership and co-inventorship of the '614 Patent.

### III.

### Undisputed Facts

Although the parties appear to agree on very little concerning the facts underlying plaintiffs' claims, the following facts are undisputed in the summary judgment record:

At some time between 2000 and 2002, defendant and some of the Individual Plaintiffs began to work on a gaming system, referred to by the Individual Plaintiffs as a "sweepstakes

invention" and identified in the application for the '614 Patent as a "Method and Apparatus for Conducting a Sweepstakes."  Pls.' App. Vol. I, at 55; Def.'s App. Vol. II, at 204.  At some point discussions ensued among the parties as to the formation of an entity, EMT, that would have some involvement with the sweepstakes invention.  On December 16, 2002, Olmstead filed Articles of Organization with the Texas Secretary of State for the formation of EMT.  On at least two occasions defendant signed letters purportedly as a representative of EMT.  Pls.' App. Vol. II at 339, 543.

In June 2003, defendant contacted James Walton ("Walton"), a patent attorney, concerning the filing of a patent application for the sweepstakes invention.  Sometime later that month defendant signed a letter of engagement with Walton; the signature block is as follows:

"Entertainment Merchandising Technologies

_____

By:  Robert E. Houchin, Manager."

Pls.' App. Vol. II, at 338.  Defendant signed on the designated line.

On or about November 4, 2003, Walton filed the application for the '614 Patent, naming defendant as the sole inventor.  Some

time in November 2003, Olmstead contacted Walton and informed him
that defendant was not the sole inventor of the invention which
was the subject of the patent application.  Walton subsequently
prepared assignments for the Individual Plaintiffs, which they
signed, assigning any interest they might have in the invention,
the patent application, and in any patent that might issue, to
EMT.  Walton prepared a patent application assignment for
defendant, which he sent to defendant in December 2004.
Defendant never returned the assignment form to Walton.

On January 11, 2005, defendant filed a substitute power of
attorney, revoking Walton's power of attorney and naming new
counsel.  On January 21, 2005, Walton filed a Request to Correct
Inventorship with the United States Patent Office, including with
the request separate Statement of Added Inventor forms signed by
Olmstead, Weaver, and Morris, and a Declaration for Patent
Application signed by the Individual Plaintiffs.  When Walton
learned from the Patent Office that defendant had revoked his
power of attorney, he filed in May 2005 a Petition to Correct
Inventorship, which the Patent Office denied in March 2006.

On January 8, 2008, the Patent Office issued the `614
Patent, naming defendant and the Individual Plaintiffs as
inventors.  Defendant's attorney filed a request for correction,

5

and on January 29, 2008, the Patent Office issued a Certificate of Correction naming defendant as the sole inventor.

IV.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth

6

specific facts showing a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. <u>Anderson</u>, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. <u>Simmons v. Lyons</u>, 746 F.2d 265, 269 (5th Cir. 1984).

V.

**Analysis**

A. <u>Breach of Contract Claim</u>

Defendant contends summary judgment is warranted as to plaintiffs' breach of contract claim because the summary judgment evidence demonstrates that no meeting of the minds occurred between the parties as to a number of material terms of any alleged agreement. Defendant contends that where material contract terms are left open for future negotiation, no binding contract exists, citing <u>T.O. Stanley Boot Co., Inc. v. Bank of El Paso</u>, 847 S.W.2d 218, 221 (Tex. 1992).

7

Defendant overlooks a more fundamental point, however. "Under Texas law, the existence of a contract is generally a matter of fact." John G. Mahler Co. v. Klein Karoo Landboukooperasie DPK, 1995 WL 371037 at *5 (5th Cir. June 5, 1995) (citing Foreca, S.A. v. GRD Dev. Co., Inc., 758 S.W.2d 744, 746 (Tex. 1988)); see also Scott v. Ingle Bros. Pac., Inc., 489 S.W.2d 554, 556-57 (Tex. 1972). Here, the parties dispute whether any contract or agreement ever existed, and defendant has expressly denied the formation of any such agreement. Def.'s App. Vol. I, at 4. As a genuine issue of material fact exists concerning whether any agreement existed, summary judgment is denied as to the breach of contract claim.

Defendant raised additional grounds on which he contends summary judgment is warranted as to the breach of contract claim, including damages, statute of limitations, and statute of frauds. However, absent a determination as to the existence of any agreement, the court finds issues of fact remain as to these grounds as well, as each ground is based on disputed facts related to certain alleged terms of the agreement. See, e.g., Mercer v. C.A. Roberts Co., 570 F.2d 1232, 1235-36 (5th Cir. 1978) (In considering a statute of frauds defense, when interpretation of an unwritten agreement depends on disputed

facts, the question of a "reasonable duration" for performance of the agreement is "one of fact.").

B.  Breach of Fiduciary Duty

To prevail on their claim for breach of fiduciary duty plaintiffs must establish (1) the existence of a fiduciary relationship between the plaintiffs and defendant; (2) a breach by the defendant of his fiduciary duty to the plaintiffs; and (3) the defendant's breach resulted in injury to the plaintiffs or benefit to the defendant.  Navigant Consulting, Inc. v. Wilkinson, 508 F.3d 277, 283 (5th Cir. 2007).  Texas recognizes both formal and informal fiduciary relationships.  Formal relationships are those for which fiduciary duties are owed as a matter of law, including the relationship between attorney and client, partners, in trustee relationships, or between directors of a corporation and the corporation and its stockholders.  Id.; Ins. Co. of N. Am. v. Morris, 981 S.W.2d 667, 674 (Tex. 1998); Dunagan v. Bushey, 263 S.W.2d 148, 152 (Tex. 1953).

"An informal relationship may give rise to a fiduciary duty where one person trusts in and relies on another, whether the relation is a moral, social, domestic, or purely personal one." Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 176 (Tex. 1997) (internal citations omitted).  However, a fiduciary

relationship does not arise in every relationship involving a high degree of trust and confidence.  Id. at 176-77.  "[T]o impose such a relationship in a business transaction, the relationship must exist prior to, and apart from, the agreement made the basis of the suit."  Id. at 177.

Here, defendant contends, and plaintiffs do not dispute, that no relationship existed between the parties prior to or apart from the alleged underlying agreement as would give rise to a fiduciary duty based on an informal relationship.  Plaintiffs instead urge the court to find the existence of a fiduciary duty on two grounds:  (1) defendant's capacity as an officer of EMT, analogous to the fiduciary relationship between partners or corporate officers and shareholders; or, (2) between he and the Individual Plaintiffs as co-inventors.

As to their second ground, plaintiffs acknowledge that 35 U.S.C. § 262 does not establish a fiduciary relationship between co-inventors, and the court sees no reason to create such a duty out of thin air, especially in light of the Texas Supreme Court's caution not to "create a [fiduciary] relationship lightly."  Id.

As to plaintiffs' first ground, that a fiduciary duty existed by virtue of defendant's position as an officer of EMT,

Title 3 of the Texas Business Organizations Code, concerning limited liability companies, states:

> The company agreement of a limited liability company may expand or restrict any duties, including fiduciary duties, and related liabilities that a member, manager, officer, or other person has to the company or to a member or manager of the company.

Tex. Bus. Orgs. Code Ann. § 101.401 (Vernon Supp. 2009) (emphasis added). No Texas court has held that fiduciary duties exist between members of a limited liability company as a matter of law. See, e.g., Gadin v. Societe Captrade, 2009 WL 1704049 (S.D. Tex. June 17, 2009); Suntech Processing Sys., L.L.C. v. Sun Comm., Inc., 2000 WL 1780236 (Tex. App.--Dallas 2000, pet. denied). Whether such a fiduciary relationship exists is typically a question of fact. Kaspar v. Thorne, 755 S.W.2d 151, 155 (Tex. App.--Dallas 1988, no writ).

Whether or not a fiduciary duty arose out of any position defendant may have held with EMT, the court agrees that the breach of fiduciary duty claim is barred by the four-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.004(a)(5). Even where a person is owed a fiduciary duty, "when the fact of misconduct becomes apparent it can no longer be ignored, regardless of the nature of the relationship." S.V. v. R.V., 933 S.W.2d 1, 8 (Tex. 1996). Defendant contends that plaintiffs knew

11

or should have known that he breached any alleged fiduciary duty
when they discovered he filed the patent application naming
himself as sole inventor on November 4, 2003, or by at least
January 21, 2005, the date plaintiffs submitted a Petition to
Correct Inventorship to the Patent Office with the blank
assignment of interest form defendant failed or refused to sign.

Here, plaintiffs do not specifically identify the act or
acts of defendant that allegedly constitute a breach of fiduciary
duty.  Plaintiffs do not dispute defendant's assertions as to the
dates they knew or should have known he failed or refused to
assign his interest in the patent application to EMT, or that
they knew such a failure to act would have been a breach of any
fiduciary duty owed to them.  Thus, to the extent plaintiffs
contend defendant breached a fiduciary duty by naming himself as
sole inventor on the patent application or by refusing or failing
to sign the assignment, plaintiffs knew or should have known of
those acts by January 21, 2005, at the latest.  To the extent
plaintiffs contend the breach occurred when the corrected patent
issued on January 29, 2008, the parties have directed the court
to no summary judgment evidence showing that defendant was still
a member, officer, or otherwise affiliated with EMT on that date.

It appears the opposite is true, as plaintiffs argue in their
response:

> <u>Had</u> [defendant] been President of EMT, Inc. and failed
> to transfer his interest in the Patent to EMT, Inc.
> under the facts and circumstances in this case, he
> would not [sic] doubt have breached a fiduciary duty as
> of the issuance of the patent on January 8, 2008.

Pls.' Br. in Opp'n to Def.'s Mot. for Summ. J. at 25 (emphasis
added).  No breach of fiduciary duty can arise when no
relationship exists between the parties, as evidently was the
case on January 29, 2008.  Thus, at the latest, it appears
plaintiffs' claim of breach of fiduciary duty accrued on January
21, 2005.  The instant claim for breach of fiduciary duty, filed
March 30, 2009, is therefore barred by limitations.

C.   <u>Fraud</u>

Plaintiffs contend that defendant committed fraud both
through the making of material misrepresentations of fact and by
concealing material facts which he had a duty to disclose.  To
prevail on a claim of fraud, plaintiffs must demonstrate, <u>inter
alia</u>, that they relied to their detriment on a material
misrepresentation made by defendant.  <u>Johnson v. Brewer &
Pritchard, P.C.</u>, 73 S.W.3d 193, 211 & n.45 (Tex. 2002) (citing <u>In
re FirstMerit Bank, N.A.</u>, 52 S.W.3d 749, 758 (Tex. 2001)).

Defendant first contends that summary judgment is proper on the fraud by non-disclosure claim because a duty to disclose requires a confidential or fiduciary relationship. As discussed supra, the court finds no summary judgment evidence of a confidential relationship. However, the court concludes that a genuine issue of material fact remains concerning whether defendant was in a fiduciary relationship with plaintiffs at the time any alleged misrepresentations were made. Plaintiffs have presented evidence that at some times, at least, defendant held himself out as a representative of EMT. Pls.' App. II, at 339, 543. As discussed supra, whether defendant in such a capacity owed any fiduciary duty to any of the plaintiffs is a question of fact. Kaspar, 755 S.W.2d at 155.

Nevertheless, summary judgment is still proper on plaintiffs' fraud claim because they have failed to demonstrate detrimental reliance. Proof of reliance is required as to both common law fraud and fraud by non-disclosure. See Morris, 981 S.W.2d at 674 (discussing elements of fraud for material misrepresentation or non-disclosure); Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001). Defendant contends that the only act of reliance alleged by plaintiffs is the transfer of their ownership interests in the patent application or patent, if

14

issued, to EMT.[2]  According to defendant, this act of reliance fails to show any detriment to the Individual Plaintiffs, as they at any time could cause EMT to assign the rights back to them.

In their response, plaintiffs argue at length regarding the various misrepresentations allegedly made by defendant.  However, they neither dispute defendant's characterization of their alleged reliance, nor do they offer summary judgment evidence of any other act of reliance by them on any of defendant's alleged misrepresentations.  Absent any evidence of detrimental reliance, summary judgment is warranted as to plaintiffs' claim of fraud.

D.   Conversion

Under Texas law, conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." Khorshid, Inc. v. Christian, 257 S.W.3d 748, 758-59 (Tex. App.--Dallas 2008, pet. overruled) (citing Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971)).  No cause of action arises under Texas law for conversion of intellectual property rights.  Carson v. Dynegy, Inc., 344 F.3d 446, 456 (5th Cir. 2003) (citing Waisath, 474 S.W.2d at

---

[2]Plaintiffs make no allegation as to any reliance by EMT on any alleged misrepresentation by defendant.

447)).[3]  Plaintiffs do not dispute that a patent is intellectual property, nor do they contend that defendant converted any intellectual property rights.  Rather, plaintiffs contend defendant converted the royalties he received by licensing the use of the invention the subject of the '614 Patent.  This contention does not salvage plaintiffs' conversion claim.

The claim for unpaid royalties is a claim for the payment of money owed.  Under Texas law, an action for conversion of money arises only where the money can be identified as a specific chattel, meaning it is "(1) delivered for safekeeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper."  In re TXNB Internal Case, 483 F.3d 292, 308 (5th Cir. 2007) (citing Edlund v. Bounds, 842 S.W.2d 719, 727 (Tex. App.--Dallas 1992, writ denied)).  Plaintiffs have neither alleged nor offered summary judgment evidence to show their claim of conversion for unpaid royalties is of the kind that is actionable under Texas law, and summary judgment is warranted as to this claim.

---

[3]A possible exception exists where an underlying intangible property right has been merged into a document, and that document has subsequently been converted by the defendant. Express One Int'l., Inc. v. Steinbeck, 53 S.W.3d 895, 901 (Tex. App.--Dallas 2001, no pet.).  Plaintiffs do not contend that defendant converted a document.

E.    <u>Declaratory Judgment</u>

Defendant contends he is entitled to summary judgment on plaintiffs' claim for declaratory judgment that they are co-inventors and co-owners of the invention the subject of the patent.  The court finds genuine issues of material fact preclude summary judgment as to this claim.

VI.

<u>Order</u>

Therefore,

For the reasons stated herein,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted as to plaintiffs' claims of breach of fiduciary duty, fraud, and conversion and that the motion be, and is hereby, denied as to all other claims.

The court further ORDERS that plaintiffs' claims for breach of fiduciary duty, fraud, and conversion be, and are hereby, dismissed with prejudice.

SIGNED April 1, 2010.

_____
JOHN McBRYDE
United States District Judge

17