U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL -8 2010
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHNNEY R. WEAVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-187-A |
| | § | |
| ROBERT E. HOUCHIN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is a document filed by defendant, Robert E. Houchin, titled "Defendant Robert E. Houchin's Response to Plaintiff's Johnney R. Weaver's Inventorship Contentions Filed on May 12, 2010 As Part of Plaintiffs' Description of Each Plaintiff's Contribution to the Patent and Supporting Evidence" ("Response"). In the Response, defendant seeks dismissal of plaintiff's sole remaining claim of co-inventorship of United States Patent No. 7,316,614 B2 ("'614 Patent"). After considering the Response and other pertinent documents on file with the papers of the court in this action, described in detail in section I below, the court is construing the Response as a motion for summary judgment, and concludes that the motion should be granted.

I.

Procedural History of the Case

Plaintiff, along with former co-plaintiffs Entertainment Merchandising Technology, L.L.C., Earl Morris ("Morris"), Mark Olmstead ("Olmstead"), and Michael J. Dietz ("Dietz"), filed the instant action on March 30, 2009. On April 1, 2010, the court granted defendant's motion for summary judgment as to all claims and causes of action brought by plaintiffs, except for the claims and causes of action for breach of contract and co-inventorship. The court subsequently dismissed the breach of contract claims and causes of action during the pretrial conference held on May 3, 2010, leaving only the claims of co-inventorship. During the pretrial conference the court ordered the plaintiffs to file a document specifically describing what each plaintiff contributed to the conception of the patent and the evidence in support. Plaintiffs filed the inventorship contentions on May 12, 2010.

On May 14, 2010, Morris, Olmstead, and Dietz filed a motion to dismiss their remaining claims and causes of action, which the court granted on May 17, 2010.

On May 27, 2010, defendant filed a document titled "Motion for Leave to File Response to Plaintiff Johnney R. Weaver's Inventorship Contentions Filed on May 12, 2010 and Appendix in

Support" ("Motion for Leave"). Attached to the Motion for Leave was a copy of the Response and all of the exhibits referred to therein. Thus, when plaintiff received a copy of the Motion for Leave, he also received a complete copy of the Response and its attachments. The court ordered plaintiff by June 7, 2010, to file a response to the Motion for Leave. On June 3, 2010, plaintiff's counsel filed, and the court granted, a motion to withdraw. Plaintiff has not filed a designation of new counsel and since June 3 has prosecuted his case <u>pro se</u>.

On June 7, 2010, plaintiff filed a document titled "Reply to Defendant's Motion and Plaintiff's Motions for Judgment on the Pleadings or Plaintiff's Motion for Summary Judgment" ("Reply"). On June 14, 2010, the court granted defendant's Motion for Leave and ordered the Response filed with the papers of the court. Upon reviewing plaintiff's Reply, it is evident that plaintiff has reviewed the Response, as he refers to portions of that document in the Reply, and apparently intended the Reply to serve as his answer to the Response, rather than to the Motion for Leave. On the cover page of the Reply, plaintiff states that he "believes and states that the facts are in sufficient agreement that this matter should be determine [sic] by the Court on the pleading [sic], depositions, documents and other items filed in

3

this action." Considering that in the Response defendant seeks dismissal of plaintiff's sole remaining claim, the court is construing the Response as a motion for summary judgment as to plaintiff's claim of co-inventorship, and is construing the Reply as plaintiff's response to the motion for summary judgment.[1]

## II.

### Undisputed Facts

The factual background set forth in the memorandum opinion and order signed April 1, 2010, in the instant action is also applicable to plaintiff's claims of co-inventorship. The court adopts in this memorandum opinion and order by reference all facts contained on pages 3-6 of the memorandum opinion and order signed April 1, 2010, as well as all undisputed facts found on pages 13-19 of the Revised Joint Pre-trial Order signed May 3, 2010, in the instant action.

Additionally, as mentioned previously, in response to this court's order, plaintiff on May 12, 2010, filed a document titled "Plaintiffs' Description of Each Plaintiff's Contribution to the Patent and Supporting Evidence." As to plaintiff, the foregoing

---

[1] Although the court is construing the Response as a motion for summary judgment and is construing the Reply as plaintiff's response thereto, for clarity the court will continue to refer to the documents as defendant's Response and plaintiff's Reply.

document sets forth his alleged contribution to the conception of the '614 Patent, and supporting evidence, as follows:

Johnney Weaver's Contribution to the Conception of the Invention

| | |
|---|---|
| [Plaintiff] contributed to the invention in collaborating with the others on the idea of means for activating the prepaid voucher in a separate activation station in data communication with the system manager computer. | Exhibit 12--Hello Money Sweepstakes; Testimony of Morris, Olmstead, [plaintiff] |
| [Plaintiff] contributed to the invention of the idea of using a plastic card with a magnetic data strip as the prepaid voucher. | Exhibit 12--Hello Money Sweepstakes; Testimony of Morris, Olmstead, [plaintiff] |
| [Plaintiff] contributed to the conception in collaboration on the idea of a sweepstakes to be run via the network. | Exhibit 12--Hello Money Sweepstakes; Testimony of Morris, Olmstead, [plaintiff] |
| [Plaintiff] contributed to the conception of the idea network for connecting a game with conversion kit for retrofitting an 8-liner machine which was known as "Money Talk." | Exhibit 66--Photo Money Talk game equipment Testimony Morris, Dietz, Vaudrin, [plaintiff] |
| Morris, Olmstead, [plaintiff] and [defendant] met frequently collaborating and discussing the concepts and idea through which the Hello Money Sweepstakes was conceived. | Testimony Morris and Olmstead and [plaintiff] |

App. in Supp. of Def.'s Resp. to Pl.'s Inventorship Contentions ("Def.'s App."), at 7.

5

III.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Where, as here, the court is considering undisputed facts in resolving a motion for summary judgment, the only remaining question is whether defendant is entitled to judgment as a matter of law. In a patent dispute, inventorship is a question of law for the court. Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n, 383 F.3d 1352, 1360 (Fed. Cir. 2004).

IV.

Analysis

The United States patent laws provide for the correction of an issued patent in the circumstance where a co-inventor was erroneously omitted from the patent. 35 U.S.C. § 256; Hess v. Adv. Cardiovascular Sys., Inc., 106 F.3d 976, 979 (Fed. Cir. 1997). To prevail on a claim of co-inventorship, the purported co-inventor bears a heavy burden to "prove [his] contribution to the conception of the claims by clear and convincing evidence."

Ethicon, Inc. v. United States Surgical Corp., 135 F.3d 1456, 1461 (Fed. Cir. 1998); see also Hess, 106 F.3d at 680. Testimony of one claiming to be an inventor, or that of his alleged co-inventors, without more, cannot establish a claim of co-inventorship. Ethicon, 135 F.3d at 1461; Hess, 106 F.3d at 980. "Thus, an alleged co-inventor must supply evidence to corroborate his testimony." Ethicon, 135 F.3d at 1461.

Corroboration may take the form of contemporaneous documents prepared by the purported inventor, testimony of an independent witness, or circumstantial evidence of an independent nature concerning the inventive process. Id.; Medichem, S.A. v. Rolabo, S.L., 437 F.3d 1157, 1170-71 (Fed. Cir. 2006). However, "[t]he requirement of independent knowledge remains key to the corroboration inquiry." Medichem, 437 F.3d at 1170. Whether the alleged co-inventor has sufficiently corroborated his testimony is considered under a "rule of reason" analysis, meaning that "[a]n evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the [alleged] inventor's story may be reached." Ethicon, 135 F.3d at 1461 (brackets and emphasis in original). Application of the "rule of reason" test, however, does not alter the requirement for

7

independent corroboration of the purported inventor's testimony. Medichem, 437 F.3d at 1170-71 (internal citations omitted).

Application of the foregoing principles to plaintiff's inventorship contentions set forth supra leads to the conclusion that plaintiff has failed to offer sufficient independent corroboration to support his claim of co-inventorship of the '614 Patent. Each of plaintiff's inventorship contentions relies at least in part on the testimony of plaintiff and his former co-plaintiffs Morris, Olmstead, and Dietz. As stated above, such testimony is insufficient to establish co-inventorship as a matter of law. See Ethicon, 135 F.3d at 1461; Hess, 106 F.3d at 980.

Plaintiff further purports to rely on the testimony of an individual identified as "Vaudrin." Def.'s App. at 7. Vaudrin apparently refers to Tim Vaudrin, an employee of Morris's company, Infinity Group. However, plaintiff previously testified that he had no idea if Vaudrin ever worked on the '614 Patent, and in fact, believed he did not. Plaintiff further testified that the "one thing" that he "kind of really contributed to" was use of a credit card-style card with a magnetic stripe, but also testified this contribution came about through brainstorming

8

sessions involving plaintiff, defendant, Olmstead, and Morris. Def.'s App. at 32-33. Nothing in the inventorship contentions, nor in the Reply, directs the court to any evidence showing that Vaudrin had any personal knowledge of plaintiff's alleged contributions to the '614 Patent to allow him to corroborate plaintiff's claim of co-inventorship.

Finally, in the inventorship contentions plaintiff identifies two of the parties' pretrial exhibits that purportedly establish his claims of inventorship: exhibit 12, the "Hello Money" manual, and exhibit 66, a photograph of the "Money Talk" gaming equipment. Documentary or physical evidence made contemporaneously with conception of the invention provides the most reliable evidence of corroboration. Sandt Tech., Ltd. v. Resco Metal & Plastics Corp., 264 F.3d 1344, 1350-51 (Fed. Cir. 2001). The exhibits offered by plaintiff, however, are insufficient as a matter of law to constitute contemporaneous corroboration of co-inventorship. Plaintiff has testified and admitted in various pretrial disclosures that no documents exist evidencing contemporaneous disclosure of plaintiff's conception related to the '614 Patent. Such testimony is itself inconsistent with his claim in the inventorship contentions that two exhibits now corroborate his inventorship claims.

Further, the evidence before the court belies plaintiff's claim that the Hello Money manual corroborates his inventorship claim. The only evidence before the court concerning creation of the Hello Money manual shows that Morris created the document with input only from Olmstead, and nothing in the record demonstrates that plaintiff created that document.[2] In any event, a review of the Hello Money manual reveals that although the manual discusses use of the plastic card with magnetic strip that plaintiff contends was his contribution to the invention, nothing in the manual identifies plaintiff as a creator, developer, or contributor to that document.

Similarly, exhibit 66 is an undated photograph described as depicting gaming system equipment Olmstead contended he created prior to the invention that is the subject of the '614 Patent. As with the Hello Money manual, no evidence establishes that plaintiff had any part in creating the equipment depicted in exhibit 66, nor does plaintiff explain how the photograph in exhibit 66 corroborates his claim of co-inventorship. Plaintiff

---

[2] In the Reply, plaintiff contends that the manual "was developed over a period of time by the Plaintiff and his employees and contractors." Reply at 13. This unsworn statement directly contradicts the affidavit of Morris, who averred that only he and Olmstead provided input for the Hello Money manual. Elsewhere in the Reply, plaintiff claims he "maintained" the document and ensured it "was current and reflected the changes in the sweepstakes game system." Reply at 13-14. Unsworn statements in a brief, such as those made by plaintiff, are not evidence.

has failed to show how either the Hello Money manual in exhibit 12 or the photograph in exhibit 66 independently corroborate his claim of co-inventorship.

In the Reply, plaintiff attempts a number of arguments to support his claim of co-inventorship, all of which are unavailing. Plaintiff first argues that the United States Patent Office erred in removing plaintiff's name from the corrected copy of the '614 Patent issued January 29, 2008. Whether or not the Patent Office's actions constituted error is beyond the scope of the action before the court, as "[t]he inventors as named in an issued patent are presumed to be correct." Hess, 106 F.3d at 980 (internal citations omitted). Thus, the court is concerned only with whether, in the proceedings before it, plaintiff has adduced sufficiently "clear and convincing evidence" to support his claim of co-inventorship.

In furtherance of his argument to be named a co-inventor, plaintiff discusses his contribution in the form of the plastic card with a magnetic stripe used to store or track a customer's telephone time used and sweepstakes points. As stated above, the only evidence of this contribution is the testimony of plaintiff and his other purported co-inventors. Such testimony, absent any

11

independent corroboration, is insufficient as a matter of law to establish inventorship. While plaintiff further cites to portions of defendant's deposition testimony to support the idea that defendant sought plaintiff's assistance on various projects, none of the cited testimony corroborates plaintiff's alleged claim of co-inventorship.

Plaintiff also contends that defendant's claim that he is the sole inventor of the '614 Patent fails the "rule of reason" test. Plaintiff misapprehends the burden of proof, however, as it is plaintiff's burden to now prove that he is a co-inventor. The '614 Patent, naming defendant as sole inventor, is presumed correct; defendant bears no burden of proof to show the patent is correct.

Considering the submissions of the parties and the record as a whole, the court concludes that plaintiff has failed to adduce sufficient independent, corroborating evidence to support his claims of co-inventorship.

V.

Order

Therefore,

The court ORDERS that defendant's Response, construed by the court as defendant's motion for summary judgment, be, and is hereby, granted, and that all remaining claims and causes of action brought by plaintiff, Johnney Weaver, against defendant, Robert Houchin, be, and are hereby, dismissed with prejudice.

The court further ORDERS that all outstanding motions in this case not previously ruled upon be, and are hereby, denied as moot.

SIGNED July 8, 2010.

_____
JOHN McBRYDE
United States District Judge

13